# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| LAURIE JEANNE POWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| CTP MITCHELL CREEK, LLC, | ) |
| doing business as | ) |
| MITCHELL CREEK MARINA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff, LAURIE JEANNE POWERS, by and through counsel, Sarah Stein and Jesse Waterman of Mitch Grissim & Associates, and brings this action for personal injuries against the Defendant, CTP MITCHELL CREEK, LLC, doing business as MITCHELL CREEK MARINA, and for her cause of action would show unto this Honorable Court as follows:

### I. PARTIES

1. Plaintiff, LAURIE JEANNE POWERS, is a resident and citizen of 30280 White Oak Lane, Crawford, Cumberland County, Tennessee 38554.

2. Defendant CTP MITCHELL CREEK, LLC, upon information and belief, is an entity doing business as MITCHELL CREEK MARINA and licensed to do business in the State of Tennessee, and was responsible for owning and maintaining the boat dock and ramps of the business, located at 1260 Livingston Boatdock Road, Allons, Clay County, Tennessee 38541, where the accident herein described occurred. The Defendant

can be served through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919. Hereinafter, the Defendant shall be referred to as "MITCHELL CREEK MARINA."

3. At all times relevant to the matters alleged herein, the individuals working at Defendant Mitchell Creek Marina were employees and/or agents of Defendant CTP Mitchell Creek, LLC.

4. The sum in controversy is a just, fair, and equitable amount in compensatory damages for the Plaintiff, Laurie Jeanne Powers, to be determined by the Court at the time of trial after hearing the facts and issues of this case not to exceed $500,000.

## II. JURISDICTION AND VENUE

5. Plaintiff's cause of action arises in tort under and by virtue of the laws of the State of Tennessee for the injuries she sustained as a result of a personal injury accident that occurred on the premises of the aforesaid Defendant Mitchell Creek Marina.

## III. FACTS

6. On May 15, 2021, at approximately 11:30 a.m., Plaintiff walked across a pedestrian bridge located on the premises of Defendant, possessing the status of a guest or invitee, for the purpose of visiting the Defendant's Mitchell Creek Marina Restaurant.

7. The aforesaid pedestrian bridge was the sole means of ingress and egress for customers going from the parking lot to the aforesaid restaurant.

8. At the restaurant end of the pedestrian bridge was a dangerously slick ramp without sufficient anti-skid tape. This ramp was made of metal, sloped downward, and connected the main part of the pedestrian bridge to the marina. The ramp has a rise

in excess of six inches. The ramp lacked handrails. The ramp becomes slippery when wet.

9. After stepping onto the ramp from the main-traveled portion of the pedestrian bridge, the Plaintiff lost her balance and fell, causing her to sustain serious, painful, and permanent personal injuries, including but not limited to fractures of the right distal tibia and fibula.

10. Plaintiff did not see anything wet or slippery on the ramp, was not otherwise aware of the ramp's condition, and was not warned of any potential hazards. The slipperiness of the ramp, combined with its lack of handrails, its lack of sufficient anti-skid tape, and its downward slope created a dangerous or defective condition on the subject premises. Defendant had actual and/or constructive notice of the dangerous or defective condition. Defendant either knew or should have known that the condition of the ramp in an area frequented by persons properly on the premises would result in this type of accident and injuries. Defendant is guilty of negligence in allowing such dangerous or defective condition to exist on the premises and in the exercise of ordinary care should have known of the dangerous condition created by allowing customers access to this area.

11. Defendant, at all times material hereto, had a duty of ordinary care to maintain its premises in a reasonably safe condition and to inspect, identify, and correct hazardous conditions that might be encountered by guests of and invitees to its premises, and most specifically for Plaintiff in this cause.

12. Defendant, at all times material hereto, had a duty to engage in methods of operation that would prevent its customers from encountering hazardous conditions it

created or permitted to continue on its premises.

13. As a direct and proximate result of Defendant's negligence and breach of duty of care, Plaintiff was caused to suffer serious, painful, and permanent personal injuries, including but not limited to a fracture of the right distal fibula and a fracture of the right distal tibula.

14. As a direct and proximate result of Defendant' negligence and breach of duty of care, Plaintiff has incurred medical expenses for emergency care, surgical care, and follow-up of the aforesaid injuries. Plaintiff will, with reasonable certainty, incur additional medical expenses in the future for the care of her injuries, for which she deserves to be compensated.

15. As a direct and proximate result of Defendant' negligence and breach of duty of care, Plaintiff has sustained physical and emotional pain and suffering, permanent impairment and resulting disability, and loss of the enjoyment of life, for which she deserves to be compensated.

## *IV. DEFENDANT'S ACTS OF NEGLIGENCE AND STATUTORY VIOLATIONS*

16. Plaintiff avers that Defendant Mitchell Creek Marina was guilty of the following acts of common law negligence:

   a. Failure to maintain its premises in a reasonably safe condition;

   b. Furnishing a pedestrian bridge with a ramp lacking handrails for the use of its patrons;

   c. Failing to put sufficient anti-skid tape on the floor of the ramp;

   d. Failure to warn of existing dangers that were known and discovered

or should have been known and discovered;

   e. Failure to engage in methods of operation that would prevent customers of Defendant's Mitchell Creek Marina facility from encountering hazardous conditions.

17. Plaintiff avers that the Defendant Mitchell Creek Marina was guilty of violating the following statutes of the 2018 International Building Code, that were in full force and effect in Clay County, Tennessee, at the time and place of her injury, constituting *negligence per se:*

   a. **Handrails**. Ramps with a rise greater than 6 inches (152 mm) shall have handrails on both sides. Handrails shall comply with Section 1012...Handrails required for ramps by Section 1010.9 shall comply with Sections 1012.2 through 1012.8.

   b. **Handrail extensions**. Handrails shall return to a wall, guard, or the walking surface shall be continuous to the handrail of an adjacent stair flight or ramp run...At ramps where handrails are not continuous between runs, the handrails shall extend horizontally above the landing 12 inches (305 mm) beyond the top and bottom of ramp runs. The extensions of handrails shall be in the same direction of the stair flights at stairways and the ramp runs at ramps.

18. Plaintiff avers that Defendant Mitchell Creek Marina breached the duties noted hereinabove and said breaches directly caused the injuries and losses to the Plaintiff.

## VI. INJURIES AND DAMAGES

19. As a direct and proximate result of Defendant's negligence, Plaintiff alleges that she is entitled to damages, including but not limited to the following specific items of damages:

   a. Physical pain and suffering, both past and future;

   b. Emotional suffering and grief, both past and future;

   c. Health care expenses, both past and future;

   d. Loss of enjoyment of life;

   e. Permanent impairment and resulting disability;

   f. Costs of this cause; and

   g. All other damages and general relief allowed under the laws of the State of Tennessee to which she may be entitled.

## VII. RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiff sues Defendant Mitchell Creek Marina for compensatory damages in an amount not to exceed Five Hundred Thousand Dollars ($500,000.00). Plaintiff prays for a bench trial to try this case and for such other, further, and general relief to which she may be entitled under the law and evidence.

Respectfully submitted,

**MITCH GRISSIM & ASSOCIATES**

_____
Sarah Stein, BPR #15698
sarah@tnlaw.com

_____
Jesse Waterman, BPR #31822
Attorneys for Plaintiff
325 Union Street
Nashville, Tennessee 37201
(615) 255-9999 (Phone)
(615) 255-9329 (Fax)
jesse@tnlaw.com